IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELIPE ROMERO-ARAIZA, #54921-177, MOVANT, | § § § § | |
| v. | § § | CASE NO. 3:19-CV-102-L-BK (CRIMINAL NO. 3:16-CR-414-L-1) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Felipe Romero-Araiza's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be **DENIED**.

**I. BACKGROUND**

Romero pled guilty to conspiring to distribute methamphetamine and was sentenced to 180 months' imprisonment. *United States v. Romero-Araiza*, No. 3:16-CR-414-L-1, Crim. Doc. 42 (N.D. Tex. Sep. 20, 2017), *appeal dismissed as frivolous*, 738 F. App'x 284 (5th Cir. 2018) (per curiam). Romero timely filed this *pro se* Section 2255 motion alleging ineffective assistance of counsel at sentencing. Doc. 2 at 7-8; Doc. 3 at 2, 4. The Government has filed a response opposing Section 2255 relief, Doc. 10, and Romero has filed a reply, Doc. 11.

Upon review, the Court finds that Romero has not shown that counsel was ineffective. Thus, his Section 2255 motion fails on the merits.

## II. ANALYSIS

To succeed on a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. Moreover, to prove prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the sentencing context, the movant must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-204 (2001).

### A. Failure to Effectively Object to Enhancements and Argue for Downward Variance

Romero asserts counsel rendered ineffective assistance at sentencing in failing to (1) adequately challenge a two-level dangerous weapon enhancement, which also disqualified him for a two-level safety-valve decrease, (2) object to a two-level drug-involved premises enhancement, and (3) argue for a downward variance. Doc. 3 at 2-10. His assertions are unavailing.

Contrary to Romero's assertion, defense counsel objected to the drug-involved-premises enhancement and successfully argued for a downward variance in the objections to the Presentence Report and at sentencing. Crim. Doc. 63 at 99-111, 118-22. That counsel was not successful in challenging the drug-involved-premise enhancement does not equate to ineffective assistance. *See Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) (holding that unsuccessful efforts do not constitute ineffective assistance of counsel).

Moreover, after considering the sentencing factors and, in particular, Romero's lack of criminal convictions and his cooperation with law enforcement during his arrest, the Court varied

below the 240-month guideline term to a sentence of 180 months. Crim. Doc. 63 at 116-17, 131-32; Crim. Doc. 37-1 at 3-4. Thus, Romero cannot show that he was prejudiced—to-wit, that his sentence was increased by the deficient performance of defense counsel. *See Glover*, 531 U.S. at 203-04. Indeed, there is nothing in the record to indicate that the Court would have ruled differently as to the dangerous-weapon enhancement.

Romero also argues that counsel should have presented testimony from an expert firearm examiner to contest the dangerous weapon enhancement. Doc. 3 at 4. However, Counsel raised the same concern after the Court overruled his objection that the gun found in the glove compartment during Romero's arrest was a toy gun and not a starter pistol. Crim. Doc. 63 at 89. The Court nevertheless concluded that the gun was a dangerous weapon under the Sentencing Guidelines regardless of whether it was a starter pistol or a toy gun. Crim. Doc. 63 at 90-93. The Court explained in relevant parts:

> You have deputy sheriffs out there questioning whether or not it is a real gun. I know what your argument is going to be, but let me just say it like this in street language. If your client had come out of that car and pointed that object at those deputies, they would have thrown down on him. And you know what, in that circumstance would have been justified because the Supreme Court has made it awfully clear that when you are using deadly force, you have to think about the officer being in a fast moving situation. We do not consider the officers['] actions in the calm, cool atmosphere of the courtroom, but in a situation where he or she has to make split decisions. But beyond that, this is not a case of split-second decision. The officers clearly said I don't know, it could be fake. We don't know. What I am saying. It was not a situation where they had to react quickly.
>
> So apparently, it resemble[d] … a firearm enough for them to think [it] could be a firearm. In fact, I will even say this, based upon what I have heard, the object closely resemble … a[n] instrument capable of inflicting serious bodily injury. What we are doing right now is Monday morning quarter backing. Maybe this is not intended by the guidelines, but really whether it is a starter pistol or a toy gun, I think it is really quite beside the point. Because if it is a starter gun or a toy gun, each of those can closely resemble a real firearm. There is no ifs ands or buts about it. You see some of the toy guns in the stores. You have to do a double take. And even the example that the guidelines give where it says a person uses an object that creates an impression that the object was … capable of inflicting death or serious bodily

> injury, then that would qualify as a dangerous weapon.
>
> So the Court overrules the defense's objection insofar as the two-level enhancement for possession of a dangerous weapon. But beyond what is in the Presentence Report, my decision is based not only on what is in the Presentence Report but also task force officer Jones as well as some things that your witness stated on the stand.
>
> And to be honest with you, I think the reverse of the way you think. I did not find Mr. Appleton to be particularly credible in certain instances. Particularly number one, he never saw the actual gun. Number two, the first time he saw what was being compared was here in court[,] so I have questions about his attempt to be quite honest with you. I find the officer's testimony was actually out on the scene and actually saw the weapon to be more credible tha[n] a person who is examining something after the fact. And more to the point, he never from what I can tell ever saw the actual object it was out there on the date of arrest. So for that reason, the Court overrules the objection [made] by the defense.

Crim. Doc. 63 at 91-93. On this record, there is no support for Romero's contention that the Court would have ruled differently if counsel had presented testimony from a firearms expert.

That notwithstanding, even assuming no dangerous-weapon and drug-involved-premises enhancements and the further two-level decrease under the safety valve—a total of six levels—Romero's guideline range would have been 168 to 210 (Offense level 35 and Criminal History Category I). The Court sentenced Romero to 180 months. Again, Romero cannot show that he was prejudiced—to-wit, that his sentence was increased by the deficient performance of defense counsel. *See Glover*, 531 U.S. at 203-04.

Romero's first three claims fail.

### B. Failure to Develop Record for Appellate Review

Next, Romero alleges counsel was ineffective in failing to "perfect the record for … appellate review." Doc. 3 at 4. He avers that counsel did not "enter into the record the actual weapon seized at the scene, so that the court could view" it and compare it "to the weapon that was introduced via video" at sentencing and "make a fair and impartial finding" as to the dangerous-weapon enhancement. Doc. 3 at 5. Romero is mistaken. At the Court's request,

defense counsel produced the alleged toy gun, which he claimed was present at the time of arrest but not seized by law enforcement officers. Crim. Doc. 63 at 10. The Government and Task Officer Jones examined the toy gun and so did the Court, and it was marked as Defendant's Exhibit 1 and made a part of the record. Crim. Doc. 63 at 10-11, 16. Thus, this claim likewise fails.

### III. CONCLUSION

Romero's Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on September 15, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).