IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **FELIPE ROMERO-ARAIZA** § <br> # 54921-177, § <br> § <br>     Movant, § <br> § <br> v. § <br> § <br> **UNITED STATES OF AMERICA,** § <br> § <br>     Respondent. § | Civil Action No. **3:19-CV-102-L** <br> (Criminal Action No. 3:16-CR-414-L) |

## ORDER

On September 15, 2020, United States Magistrate Judge Renée Toliver entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 16), recommending that the court deny with prejudice Movant Felipe Romero-Araiza's ("Movant" or "Mr. Romero-Araiza") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 2). In his Motion, Mr. Romero-Araiza raised several ineffective assistance of counsel claims against his defense counsel with respect to his sentencing hearing. Specifically, Mr. Romero-Araiza asserts that his counsel rendered ineffective assistance because he failed to: (1) object to the two-level dangerous weapon enhancement, which disqualified him for a two-level safety-valve decrease; (2) object to a two-level drug-involved-premises enhancement; and (3) argue for a downward variance. Additionally, Movant alleges that his defense counsel failed to develop the record for appellate review because he did not enter the actual weapon seized for the court to view.

Magistrate Judge Toliver determined that Mr. Romero-Araiza failed to meet his burden to demonstrate that counsel's performance was deficient and that he was prejudiced by the deficient performance of counsel.  First, Magistrate Judge Toliver notes that, contrary to Mr. Romero-

**Order – Page 1**

Araiza's assertions, defense counsel did object to the enhancements imposed and successfully argued for a downward variance during the sentencing hearing. Specifically, she highlights that although counsel was not successful in challenging the drug-involved-premise enhancement or the enhancement for a dangerous weapon, unsuccessful efforts do not constitute ineffective assistance of counsel.

With respect to the downward variance, Magistrate Judge Toliver highlights that, contrary to Movant's assertion, counsel successfully argued for a downward variance, which resulted in a below the 240-month guideline sentence of 180 months. Thus, she determined that Movant cannot show that his sentence was increased by the deficient performance of defense counsel or that he was otherwise prejudiced. Moreover, she determined that even if the court sustained all of Movant's objections during sentencing, his guideline range would have been 168 to 210 months, and, as Movant was sentenced to 180 months, he cannot show that he was prejudiced. Magistrate Judge Toliver, therefore, determined that Movant's ineffective assistance of counsel claims fail on these bases.

Additionally, Magistrate Judge Toliver highlights that, despite Movant's assertion that defense counsel did not effectively develop the record for appellate review, defense counsel did produce the alleged toy gun, which was present but not seized at the time of his arrest, into the record upon request of the court. Thus, she determined that Movant's claim fails on this basis as well.

For these reasons, Magistrate Judge Toliver determined that Mr. Romero-Araiza's claims fail on the merits, and, thus, his Section 2255 Motion should be denied and this case dismissed with prejudice. No objections to the Report were filed.

Having reviewed the Motion, response, reply, Report, and applicable law, the court agrees with the findings and conclusions of the Magistrate Judge, and **accepts** them as those of the court. Accordingly, Movant Felipe Romero-Araiza's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2) is **denied**, and this action is **dismissed with prejudice.**

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Movant has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Magistrate Judge's Report filed in this case. In the event that Movant files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

*Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**   **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)**   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Order – Page 3

**It is so ordered** this 8th day of October, 2020.

                                            Sam A. Lindsay
                                            United States District Judge